UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT MELVIN HUGHES,

                Petitioner,

   v.

STATE OF WASHINGTON,

                Respondent.

Case No. C19-5299-BHS-TLF

ORDER TO SHOW CAUSE

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner indicates that he pled guilty to three counts of child molestation in the first degree and was sentenced to 130 months on June 26, 2018. *Id.*, at 2.

Petitioner names the State of Washington as the respondent. *Id.,* at 1. Petitioner seeks release from incarceration on the grounds that "the State of Washington denied me my Article III Constitutional right to trial by jury by abusing its power to imprison in order to inflict sufficient duress for me to enter into a contract of guilt." *Id.*, at 2. He further alleges he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 6. Petitioner asserts that because he was not indicted by a Grand Jury, his arrest, conviction, and imprisonment are illegal. *Id.*

ORDER TO SHOW CAUSE - 1

Petitioner does not address exhaustion of state court remedies. *Id.* Yet petitioner argues that "the State of Washington has abrogated my federally conferred constitutional rights therefore, no state court has jurisdictional authority to adjudicate this matter." *Id.*

Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the *state officer who has custody*." (emphasis added). That state officer is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The proper state officer is determined based on petitioner's custody at the time he filed his petition. *See*, *e.g.*, *Carson v. Hood*, 1999 WL 978017 at *3 (D. Oregon 1999) (noting that warden was a proper respondent because warden had control of petitioner's release when petitioner initially filed his petition); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (when prisoner filed petition while restrained, custodian was proper respondent even after petitioner was released). Failure of petitioner to name the correct respondent deprives the Court of personal jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004).

To proceed in a federal habeas action, petitioner must set forth every ground on which he claims he is being held in violation of the constitution and -- for each ground -- he must state the specific facts that support his claim. Here, petitioner alleges the state abused its power to imprison in order to "inflict sufficient duress" for him to plead guilty. Dkt. 1, at 2. Yet petitioner provides no facts to support and explain this allegation.

Petitioner may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal

court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the highest state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). The petition fails to include any facts to explain whether petitioner has satisfied the exhaustion requirement.

If petitioner fails to remedy each and every one of these deficiencies, the petition will be subject to dismissal without prejudice.

Accordingly, it is **ORDERED:**

(1) On or before **May 24, 2019**, petitioner must file an amended petition under 28 U.S.C. § 2254 that includes all of the following requirements: (a) names the proper respondent; (b) sets forth the factual basis for each of his grounds for relief; and (c) shows that each and every one of his grounds for federal relief have been properly exhausted in state court. If petitioner does not timely file such an amended petition, the Court may dismiss. If such an amended petition is not timely filed, petitioner must otherwise make a legal and factual showing of cause on or before **May 24, 2019** why this matter should not be dismissed.

(2) The Clerk shall send a copy of this Order to petitioner and the Court's form petition for 28 U.S.C. § 2254 petitions.

Dated this 25th day of April, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3