UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT MELVIN HUGHES,<br><br>                  Petitioner,<br>    v.<br><br>STATE OF WASHINGTON,<br><br>                  Respondent. | Case No. C19-5299-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **August 23, 2019** |

      Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 15, 2019. Dkt. 1. The petition has not been served on the respondent. By order dated April 25, 2019, the Court directed petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies (among other deficiencies). Dkt. 6.

      Petitioner filed a document entitled "Notice of Acts of Aggression" asking the court to "notify respondent advising that no further acts of intimidation, suppression or coercion occur against myself or any other petitioners in similar situations." Dkt. 7. Petitioner also filed a "Motion to Request Court Rule on Petition" (Dkt. 8), "Motion to Substitute Respondent" (Dkt. 9), and "Motion/Show for Record of the Court" (Dkt. 10).

      The Court should dismiss the federal habeas petition without prejudice for failure to exhaust state judicial remedies. The Court should deny petitioner's "Motion/Show for Record of Court" (Dkt. 10) as the Court has considered the arguments therein and finds they do not cure the

REPORT AND RECOMMENDATION - 1

deficiencies in the petition. To the extent petitioner seeks injunctive relief in his "Notice of Acts of Aggression" the Court should deny that request as moot or, alternatively, based on petitioner's failure to demonstrate he is entitled to injunctive relief. The Court should further deny petitioner's "Motion to Request Court Rule on Petition" (Dkt. 8) and "Motion to Substitute Respondent" (Dkt. 9) as moot in light of the recommendation that the petition be dismissed. Also for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

## BACKGROUND

The petition asserts that Mr. Hughes pled guilty to three counts of child molestation in the first degree and was sentenced to 130 months on June 26, 2018. Dkt. 1, at 2. Petitioner seeks release from incarceration and argues he was "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 6. Petitioner asserts that because he was not indicted by a Grand Jury, his arrest, conviction, and imprisonment are illegal. *Id.*

The petition affirmatively states that petitioner has not directly appealed his conviction nor has he raised the grounds raised in his petition through a post-conviction motion or petition for habeas corpus in a state trial court. *Id.*, at 1-13. Petitioner states that he did not appeal to the highest state court having jurisdiction because "[t]he State of Washington does not have jurisdictional authority to decide on United States Constitution matters, which are outside it's jurisdictional or statutory governing limits." *Id.*, at 6. He further states that "[n]o grounds herein have been raised at the state level, as the state has no jurisdictional authority over federal matters." *Id.*, at 13.

1    By order dated April 25, 2019, petitioner was given an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state judicial remedies. *See* Dkt. 6. The Court advised petitioner that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He was advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus and a petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

Petitioner was further advised that full and fair presentation of claims to the highest state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). Petitioner subsequently filed documents entitled "Notice of Acts of Aggression and Force" (Dkt. 7), "Motion to Request Court Rule on Petition" (Dkt. 8), and "Motion to Substitute Respondent" (Dkt. 9), and "Motion/Show for Record of the Court" (Dkt. 10), which are discussed below but which do not remedy the deficiencies in the petition noted in the Court's order to show cause.

### DISCUSSION

**A.    Habeas Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner plainly admits he has

brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 1, at 1-13.

Petitioner indicates that he will not bring his claims to the state courts—state courts would therefore never have the opportunity to consider the habeas claims raised in his federal petition. And petitioner argues that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 1, at 5-12.[1] Yet the petitioner fails to appreciate that exhaustion of state court remedies is a statutory prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte*

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 1, at 13. The Court interprets this as a typographical or scrivenor's error because petitioner makes clear that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 1, at 5-12. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe they would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review.[3] [4] Dkt. 1, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies);

REPORT AND RECOMMENDATION - 5

1287, 1296 (9th Cir. 2013) (citing *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing*.") (emphasis added).

The Court notes that petitioner indicates he was sentenced on June 26, 2018, and that he filed his petition on April 15, 2019. His claims were not properly filed as they were not exhausted at the time of filing. *See Ha Van Nguyen*, 736 F.3d at 1296. Petitioner was given the opportunity to show cause why the matter should not be dismissed based on his failure to exhaust state court remedies and, as discussed above, failed to do so. It is possible that petitioner is now also procedurally defaulted on his habeas claim as it appears to have been more than one year from the date petitioner indicates he was sentenced.[5] Yet even if this is the case, state court remedies were available to petitioner at the time of filing, and his claims were not properly filed as they were not exhausted. *See Ha Van Nguyen*, 736 F.3d at 1296.

The Court notes that petitioner has also filed a document entitled "Motion/Show for Record of the Court." Dkt. 10. This document appears to argue that "cause and prejudice" excuse

---

*Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[4] The Court also notes that it also appears that petitioner's substantive constitutional claim also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

[5] Under Washington law, a defendant may not collaterally challenge a criminal conviction more than one year after the conviction becomes final (RCW 10.73.090(1)).

1  petitioner's failure to exhaust his state court remedies and/or his procedural default. However,
2  even if petitioner's claims are procedurally defaulted, he fails to show cause or prejudice to
3  overcome the procedural default.
4        Procedural default will only be excused and a petitioner will be entitled to federal habeas
5  corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the
6  alleged violation of federal law, or demonstrate that failure to consider the claims will result in a
7  fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir.
8  1998) (*citing Coleman v. Thomson*, 501 U.S. 722, 750 (1991)). To establish "cause," a petitioner
9  must show some objective factor external to the defense prevented him from complying with the
10 state's procedural rule. *Coleman*, 501 U.S. at 753 (*citing Murray v. Carrier,* 477 U.S. 478, 488
11 (1986)). Objective external factors include "a showing that the factual or legal basis for a claim
12 was not reasonably available . . . or that 'some interference by officials,' . . . made compliance
13 impracticable." *Strickler v. Greene*, 527 U.S. 263, 283 (1999) (emphasis added) (internal
14 citations omitted). To show "prejudice," a petitioner "must shoulder the burden of showing, not
15 merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his
16 *actual* and substantial disadvantage, infecting his entire trial with error of constitutional
17 dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).
18       Petitioner's explanation for his failure to pursue state court remedies is: He does not
19 believe the state court has jurisdiction over federal constitutional issues, he believes there has
20 been a clear constitutional violation, and he is certain he would be unsuccessful if he brought his
21 claims in state court. As discussed above, the state courts have authority to adjudicate whether
22 the federal constitutional rights of a state criminal defendant were violated; petitioner's beliefs
23 that there has been a clear constitutional violation and that he would not be successful if he

1  presented his claims to the state court does not excuse his failure to do so. *See* 28 U.S.C. §
2  2254(d)(1); *Roberts*, 847 F.2d at 530; *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981) (per curiam)
3  ("[O]bvious constitutional errors, no less than obscure transgressions, are subject to the
4  [exhaustion] requirements of § 2254(b). . . .").
5       Petitioner also relies on RCW 7.36.010 and various cases discussing that statute;
6  seemingly he is trying to support his argument that he is not required to exhaust state court
7  remedies prior to bring a habeas corpus petition. Yet RCW 7.36.010 governs state habeas corpus
8  proceedings in state court -- not federal habeas corpus proceedings brought pursuant to 28 U.S.C.
9  § 2254. Petitioner's citations to this statute and case law do not support his arguments. As such,
10  petitioner cannot show cause for his procedural default as he cannot demonstrate some objective
11  factor external to the defense prevented him from complying with the state's procedural rule.
12       Petitioner also cannot show actual prejudice or that the failure to consider his claims will
13  result in a fundamental miscarriage of justice. Contrary to petitioner's federal habeas claims, it
14  has long been settled that there is no denial of Federal Constitutional rights involved in the
15  substitution of the prosecuting attorney's criminal information for the grand jury's indictment.
16  *See Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand
17  jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment
18  for a state to prosecute a defendant by criminal information). This rule has been specifically
19  applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277
20  U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir.
21  1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019)
22  (dismissal for failure to exhaust state court remedies and because grounds raised in petition are
23  without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal
24
25

REPORT AND RECOMMENDATION - 8

for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). [6] Thus, even if petitioner's claims are now procedurally defaulted, petitioner cannot show actual prejudice or that the failure of the Court to consider his claims will result in a fundamental miscarriage of justice.

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies. [7] The petitioner's "Motion/Show for Record of Court" (Dkt. 10) should be denied as the Court has considered the arguments therein and finds they do not cure the deficiencies in the petition.

**B.      Petitioner's Additional Motions/Filings**

Petitioner has also filed three documents entitled "Notice of Acts of Aggression and Force" (Dkt. 7), "Motion to Request Court Rule on Petition" (Dkt. 8), and "Motion to Substitute Respondent" (Dkt. 9). None of these documents remedy the deficiencies in the petition noted in the Court's order to show cause.

---

[6] Petitioner also appears to argue that the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid. The Thirteenth Amendment provides that, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States ...." U.S. Const. Amend. XIII, § 1. However, this Thirteenth Amendment claim is derivative of petitioner's Fifth Amendment claim and, as noted above, a state may charge a criminal defendant by information; failure to utllize a grand jury does not offend the due process clause. Furthermore, the Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

[7] A federal district court may dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein. *See, e.g., Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The record here does not permit the Court to conclude with certainty that petitioner is foreclosed under Washington State law from exhausting his claims.

REPORT AND RECOMMENDATION - 9

**1.    "Notice of Acts of Aggression and Force"**

Petitioner filed a document entitled "Notice of Acts of Aggression" in which he alleges he was called into a meeting by staff counselors to receive electronic correspondence concerning the instant habeas corpus petition. Dkt. 7. Petitioner contends several other unnamed corrections officers were also present and Counselor New commented that petitioner "didn't even know the pledge of allegiance when you got here" and then asked him "what all this legal paperwork was for?" *Id.*

Petitioner contends he answered it was "none of [their] business" but that he felt the intent of the meeting was to belittle and intimidate him. *Id.* Petitioner asks the court to "notify respondent advising that no further acts of intimidation, suppression or coercion occur against myself or any other petitioners in similar situations." *Id.* The Court should deny petitioner's request as moot in light of the recommendation that the petition be dismissed without prejudice for failure to exhaust state court remedies. Alternatively, the Court should deny the request because petitioner fails to demonstrate he is entitled to injunctive relief.

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  To obtain preliminary injunctive relief, the moving party must show:  (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Supreme Court has made clear that the mere possibility of future injury is not sufficient to support the issuance of a preliminary injunction. *See id*. at 22.

Petitioner cannot establish a likelihood of success on the merits as the Court has recommended dismissal of this petition for failure to exhaust state judicial remedies. And, petitioner's vague assertion that he felt intimidated by prison staff is insufficient to establish the likelihood of irreparable harm in the absence of preliminary relief.

The relief requested by petitioner in his motions for preliminary injunctive relief is simply not available to him in this federal habeas action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner is not seeking release from custody in this motion, he is instead seeking a directive to various prison counselors and unnamed corrections officers to refrain from "acts of intimidation[.]" Such a directive is not within the scope of relief available on federal habeas review.

Additionally, petitioner is seeking injunctive relief against individuals who are not parties to this action. A petitioner who is currently in custody under a state court judgment must name as the respondent the state officer having custody of him or her. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Typically, this person is the warden of the facility in which the petitioner is incarcerated. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner does not seek to enjoin the conduct of his custodian, he seeks to enjoin the conduct of the staff counselors and various unnamed corrections officers where he is incarcerated. No such individuals or entities are parties to this action nor, in fact, would any such individuals or entities be proper parties in a federal habeas action. This Court lacks authority to

issue orders against individuals or entities who are not parties to this action. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

Petitioner fails to demonstrate a likelihood of success on the merits or irreparable harm, has requested relief which is not available in a federal habeas action, and, in any event, the individuals whose conduct petitioner seeks to enjoin are not parties to this action. Accordingly, to the extent petitioner intends to request preliminary injunctive relief, his request should be denied on this basis as well.

### 2. "Motion to Request Court Rule on Petition"

Petitioner has also filed a document entitled "Motion to Request Court Rule on Petition." Dkt. 8. The motion requests that the Court "order Respondent to present the Bill of Indictment of a Grand Jury causing the order of Petitioners [sic] arrest and detainment, in accordance with the Laws of the United States Constitution" and to "proceed in a summary way" to decide the petition. *Id.* Petitioner's motion merely repeats the jurisdictional arguments raised in his petition and discussed above and calls again for the court to consider the merits of his constitutional claims without considering exhaustion. *Id.* In his motion, petitioner contends that because a habeas petition is "an original action," and "not an appeal or a mechanism requesting the review of [his] judgment of conviction," that his right to habeas may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

Accordingly, the Court should deny petitioner's "Motion to Request Court Rule on Petition" as moot in light of the recommendation that the petition be dismissed without prejudice for failure to exhaust state court remedies.

C. **"Motion to Substitute Respondent"**

Petitioner also subsequently moved to substitute the proper respondent as he has improperly named the State of Washington instead of the state officer having custody of petitioner. Dkt. 9. The Court should also deny this motion as moot in light of the recommendation that the petition be dismissed without prejudice for failure to exhaust state court remedies.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 1), and this action, be **DISMISSED without prejudice for failure to exhaust state court remedies.** The petitioner's "Motion/Show for Record of Court" (Dkt. 10) should also be **DENIED** as the Court has considered the arguments therein and finds they do not cure the deficiencies in the petition. Regarding petitioner's request for injunctive relief in his "Notice of Acts of Aggression" (Dkt. 7), the Court recommends that request be **DENIED as moot or, alternatively, that it be denied based on petitioner's failure to establish he is entitled to injunctive relief.** The Court further recommends petitioner's "Motion to Request Court Rule on Petition" (Dkt. 8), and "Motion to Substitute Respondent" (Dkt. 9) **be DENIED as moot** in light of the recommended dismissal of the petition.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A

petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be DENIED.** A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 23, 2019**.

Dated this 2nd day of August, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge